UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CALDWELL TANKS, INC.**                                     **PLAINTIFF**

v.                                                           No. 3:19-cv-927-BJB-RSE

**ALELCO, INC.**                                             **DEFENDANT**

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Caldwell Tank, Inc. sued Alelco, Inc. for breach-of-contract and fraud related to Alelco's electrical-subcontracting work on elevated water tanks in Oklahoma. Complaint (DN 1). After the suit began, Alelco filed Articles of Dissolution in Missouri and Caldwell moved to amend its complaint. DN 15. The proposed amended complaint (DN 15-2) would join the shareholders of Alelco, President Charles Baysinger, and Secretary Chad Bristol as defendants. It also adds two new allegations: (1) that Baysinger signed the allegedly fraudulent contracts and (2) that Baysinger and Bristol are liable as shareholders under Missouri's corporate-survival statute, Mo. Rev. Stat. § 351.482. Proposed Amended Complaint at ¶¶ 59–71. Alelco opposes the amendment as futile: Caldwell, it contends, does not meet the pleading standard for fraud against Baysinger and can sue only the dissolved corporation or the shareholders, not both, under the Missouri statute. Alelco Opposition Brief (DN 16) at 3, 6. Neither contention is correct, so the Court grants Caldwell's motion to amend (DN 15).

### LEAVE TO AMEND

Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff may join additional parties if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B); *see also LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). Caldwell moved to amend its complaint as soon as it found out about Alelco's dissolution and before any defendant filed a dispositive motion. So the defendants may not complain about any undue delay or prejudice. *Partner & Partner, Inc. v. Exxonmobil Oil Corp.*, 326 F. App'x 892, 899 (6th Cir. 2009); DN 15-1 at 2. All of the claims arise out of the same contract and fraud disputes as well. Amended Complaint at ¶¶ 59–71. The only issue, therefore, is whether the amendments would be futile because they would not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); Opp. Br. at 3.

### A. Fraud claims against Baysinger

To plead fraud, a party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Under this rule, a plaintiff must specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent." *Morris Aviation v. Diamond Aircraft Industries*, 536 F. App'x 558, 562 (6th Cir. 2013). Alelco argues that Caldwell failed to plead with the required specificity that Baysinger made any fraudulent misrepresentation: the proposed amended complaint just inserted Baysinger's name next to Alelco's in the pleadings, without adding any other factual allegations. Opp. Br. at 4–6.

But the allegations, considered as a whole, adequately plead that Baysinger signed specific statements and approved specific values in the contracts, even though he knew they were false. Proposed Amended Complaint at ¶¶ 59–60. Caldwell alleges that Baysinger signed a subcontract and payment application that he knew materially misrepresented the scope of Alelco's work and the resources it used. ¶¶ 58–65. Caldwell's motion to amend its complaint attached the contract and payment application, which include the date and signature of Baysinger on behalf of Alelco. DN 15-3 at 2, 14, 16; DN 15-7. Caldwell's factual allegations also assert that Baysinger knew that Alelco's scope of work had been narrowed but still submitted a payment application for the full amount and refused a refund request. Proposed Amended Complaint at ¶¶ 33–37, 59–61; DN 15-7. Caldwell also alleges that Alelco, through Baysinger, executed change orders that requested double payment for the company's work, thereby knowingly misrepresenting the scope and value of the work. ¶¶ 28–31, 59.

Alelco's contrary arguments cannot overcome these specific factual allegations leveled against Baysinger. Its opposition brief raises two legal contentions: that Caldwell may not go after the president and the company for making the same statements, and may not hold an officer liable for his actions on behalf of the company. Opp. Br. at 5 (citing *Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 363 (Ky. Ct. App. 2007)). But as Alelco's own brief acknowledges, fraud is an intentional tort that may subject agents to personal liability for actions taken or statements made on behalf of the company. *Id.*; *see also Young*, 243 S.W.3d at 364. And Caldwell alleges that Baysinger intentionally made false representations. Proposed Amended Complaint at ¶¶ 61–65. So Caldwell alleges sufficient facts to add Baysinger as a defendant.

### B. Missouri corporate-survival statute

Alelco argues that Caldwell's claims under Missouri's corporate-survival statute, Mo. Rev. Stat. § 351.482, are futile because Caldwell may only sue Alelco *or* its shareholders, not both. Opp. Br. at 6. The statute says:

2

> 4. A claim may be enforced pursuant to this section only:
>
> (1) Against the dissolved corporation, to the extent of its undistributed assets; or
>
> (2) If the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims pursuant to this section may not exceed the total amount of assets distributed to the shareholder.

Mo. Rev. Stat. § 351.482.

Alelco offers no precedential support for its reading of the statute. To the extent caselaw provides any illumination, it describes a related provision in a manner more consistent with the contrary view. *See Groh v. N. Kan. City Dev. Co.*, 778 S.W.2d 31, 32 (Mo. Ct. App. 1989) (interpreting predecessor statute, Mo. Rev. Stat. § 351.565). The text of the statute does not support Alelco's position, either.[*] The most natural reading of the statute uses "or" in the sense that plaintiffs may sue either or both the dissolved corporation and the shareholders who received a distribution, not one or the other. The statute allows a claimant to seek recovery from a dissolved corporation's assets, whether those assets are still owned by the company, newly held by its shareholders, or some of each. Some of the assets may remain undistributed while others are distributed, so it makes sense that a claimant could go after both—especially at the pleading stage. Otherwise, a company could shield up to half of its assets by splitting them between its shell and its shareholders before requiring unfortunate claimants to choose one target or the other. Here, for example, Caldwell pleads that both individual defendants possess some distributed assets. Proposed Amended Complaint at ¶¶ 66–71. Regardless, it is a "well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability" at the pleading stage. *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014) (citing Fed. R. Civ. P. 8(d)(2)). Alelco points to nothing that would require Caldwell to choose between one path or the other, particularly not so early in its journey. The pleadings are adequate at this stage.

## ORDER

The Court grants Caldwell's motion to amend (DN 15)

December 22, 2021

Benjamin Beaton, District Judge
United States District Court

---

[*] The Court notes that this statute does not appear to create new liabilities, but rather allows existing "claims against the corporation" to proceed against the dissolved corporation's assets, whether owned by the dissolved company or its shareholders. Mo. Rev. Stat. § 351.482.1.

3